**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NIKE, INC., | |
|        Plaintiff, | Case No. 23-cv-01497 |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
|        Defendants. | |

**COMPLAINT**

Nike, Inc. ("Plaintiff" or "Nike") brings the present trademark infringement and counterfeiting action against the Partnerships and Unincorporated Associations identified on attached Schedule A (collectively, "Defendants") and alleges as follows:

## I. INTRODUCTION

1.     This action has been filed by Nike to combat e-commerce sellers who trade upon Nike's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products, including footwear, athletic wear, bags, backpacks, and hats using counterfeit and infringing versions of Nike's federally registered trademarks (the "Counterfeit Nike Products"). Using one or more of the seller aliases identified in attached Schedule A (the "Seller Aliases"), Defendants create e-commerce stores[1] which are advertising, offering for sale and selling infringing and Counterfeit Nike Products.  Many of the e-commerce stores operating under the Seller Aliases share unique identifiers, indicating that their counterfeiting operations arise out of

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

the same transaction, occurrence, or series of transactions or occurrences and establishing a logical relationship between them.  However, Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope of their operations.  E-commerce platforms used by Defendants – including Amazon, eBay, AliExpress, Alibaba, Walmart, Wish.com, Etsy, and DHgate – fail to adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to use false or inaccurate names and addresses when registering their e-commerce stores.  Further, these e-commerce platforms continue to be unable or unwilling to prevent the rampant and flagrant listing of counterfeit products on their platforms.  Thus, Nike is forced to file this action to discover the full scope of the infringement and attempt to stop Defendants' counterfeiting of the registered Nike trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Nike Products on U.S.-facing e-commerce platforms.  Nike has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## II.   JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores operating under the Seller Aliases.  Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores

that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of Nike's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Nike substantial injury in the State of Illinois.

### III. THE PARTIES

**Plaintiff**

4.       Nike is organized and existing under the laws of the State of Oregon with an office and principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

5.       Founded January 25, 1964, Nike is engaged in the design, distribution, and sale of athletic footwear, apparel, accessories, and equipment (collectively, the "Nike Products"). Nike is the world's leading designer, marketer, and distributor of athletic footwear and apparel for a wide variety of sports and fitness activities, which are marked with the famous Nike trademarks.

6.       The Nike brand is a multi-billion-dollar brand, and Nike spends considerable resources marketing and protecting it. Nike branded products have become enormously popular and even iconic, driven by Nike's arduous quality standards and innovative design. Among the purchasing public, genuine Nike Products are instantly recognizable as such. In the United States and around the world, the Nike brand has come to symbolize high quality, and Nike Products are among the most recognizable athletic apparel products in the world.

7.       Many Nike trademarks are registered with the United States Patent and Trademark Office, and Nike Products typically include at least one of Nike's registered trademarks. Nike uses

its trademarks in connection with the marketing of Nike Products, including the following marks

which are collectively referred to as the "Nike Trademarks."

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 978952 | NIKE (word mark) | For: Athletic shoes with spikes and athletic uniforms for use with such shoes in class 025.<br><br>For: Athletic shoes without spikes and athletic uniforms for use with such shoes in class 025. |
| 1153938 | NIKE (word mark) | For: All purpose sports bags, travel bags, hand bags and shoulder bags in class 018. |
| 1214930 | NIKE (word mark) | For: Footwear in class 025. |
| 1945654 | NIKE (word mark) | For: Full line of sports clothing in class 025. |
| 1277066 | NIKE (word mark) | For: Athletic and casual clothing for men, women and children-namely, shirts, pants, shorts, jackets, warm-up suits, headwear, socks in class 025. |
| 4704670 | NIKE (word mark) | For: Eyewear; sunglasses; goggles for sports; computer application software for smart phones and mobile devices, |

4

| | | |
|---|---|---|
| | | namely, software for social networking, receipt and transmission of data, fitness, and fitness assessments; computer software for fitness and fitness assessments; sensors and electronic monitoring devices incorporating microprocessors, digital display, and accelerometers, for detecting, storing, reporting, monitoring, uploading and downloading sport, fitness training, and activity data to the internet, mobile devices, and communication with mobile devices, computers, and electronic devices in class 009. |
| 1307123 | NIKE AIR<br>(word mark) | For: Footwear and Cushioning Elements for Footwear Soles in class 025. |
| 3192901 | NIKE FREE<br>(word mark) | For: Footwear in class 025. |
| 977190 |  | For: Athletic shoes with spikes and athletic uniforms for use with such shoes in class 025.<br><br>For: Athletic shoes without spikes and |

| | | |
|---|---|---|
| | | athletic uniforms for use with such shoes in class 025. |
| 1145473 |  | For: All Purpose Sports Bags, Travel Bags, Hand Bags and Shoulder Bags in class 018. |
| 1323343 |  | For: Footwear in class 025. |
| 4704672 |  | For: Eyewear; sunglasses; goggles for sports; computer application software for smart phones and mobile devices, namely, software for social networking, receipt and transmission of data, fitness, and fitness assessments; computer software for fitness and fitness assessments; sensors and electronic monitoring devices incorporating microprocessors, digital display, and accelerometers, for detecting, storing, reporting, monitoring, uploading and downloading sport, fitness training, and activity data to the internet, mobile |

| | | |
|---|---|---|
| | | devices, and communication with mobile devices, computers, and electronic devices in class 009. |
| 1284385 |  | For: Athletic and Casual Clothing for Men, Women and Children-Namely, Shirts, Pants, Shorts, Jackets, Warm-Up Suits, Swimwear, Tenniswear, Skirts, Sweaters, Underwear, Headwear, Socks and Wristbands in class 025. |
| 1990180 |  | For: full line of sports clothing in class 025. |
| 2068075 |  | For: footwear and clothing, namely caps, socks and sweatshirts in class 025. |
| 1571066 |  | For: Clothing, namely t-shirts in class 025. |

| 1284386 | | For: Footwear in class 025. |
|---------|---|---|
| 1237469 | | For: Athletic and casual clothing for men, women and children-namely, shirts, pants, shorts, jackets, warm-up suits, swimwear, sweaters, underwear, headwear, and socks, handwear in class 025. |
| 1325938 | | For: Footwear in class 025. |
| 1772987 | | For: All-purpose sports bags, backpacks and duffle bags in class 018. |
| 2104329 | | For: Footwear in class 025. |
| 4764071 | JUST DO IT (word mark) | For: All purpose sport bags; Backpacks in class 018. For: Footwear; Headbands; Headwear; Pants; |

| | | |
|---|---|---|
| | | Shorts; Sports bras; Tank tops; Tights; Warm up suits in class 025. |
| 1875307 | JUST DO IT. (word mark) | For: Clothing, namely t-shirts, sweatshirts and caps in class 025. |
| 1200529 | SWOOSH (word mark) | For: footwear in class 025. |
| 2164810 | SWOOSH (word mark) | For: clothing namely, socks and T-shirts in class 025. |
| 1508348 | AIR MAX (word mark) | For: footwear in class 025. |
| 1789463 | AIR TRAINER MAX (word mark) | For: footwear in class 025. |
| 5503242 | VAPORMAX (word mark) | For: Footwear in class 025. |
| 5286596 | NIKE AIR VAPORMAX (word mark) | For: Footwear in class 025. |
| 2716140 | PRESTO (word mark) | For: Footwear in class 025. |
| 3370246 | LEBRON (word mark) | For: Footwear; apparel, namely, shirts, pants, shorts, caps, hats, tank tops, t-shirts, pullovers, sweatshirts, jackets, socks in class 025. |
| 3412757 | LEBRON (word mark) | For: All-purpose sports bags, backpacks, and shoe bags for travel in class 018. |

| | | |
|---|---|---|
| 1370283 | AIR JORDAN<br>(word mark) | For: footwear and athletic clothing, namely, shirts, pants, shorts in class 025. |
| 1686515 | AIR FLIGHT<br>(word mark) | For: footwear in class 025. |
| 4210496 | MERCURIAL<br>(word mark) | For: Footwear in class 025. |
| 3780236 | DUNK<br>(word mark) | For: athletic footwear, not to include shoe care products in class 025. |
| 3520484 | AIR FORCE 1<br>(word mark) | For: Footwear in class 025. |
| 1027021 | CORTEZ<br>(word mark) | For: Athletic shoes for track and field in class 025. |
| 1794058 | DRI-FIT<br>(word mark) | For:  clothing; namely, (( pants, )) shorts, tights, tops, and shirts in class 025. |
| 2571314 | DRI-FIT<br>(word mark) | For: Clothing, namely, caps, dresses, headbands, jackets, skirts, socks, sports bras, sweatshirts, t-shirts, underwear in class 025.<br><br>For: Sporting goods, namely, soccer shinguards in class 028. |
| 1887959 | DRI-FIT<br>(word mark) | For: clothing; namely, singlets, and vests in class 025. |

| 4393310 | FLYKNIT<br>(word mark) | For: footwear in class 025. |
|---|---|---|
| 5700611 | TECHKNIT<br>(word mark) | For: Apparel, namely, capri pants, pants, sweatpants, shorts, tank tops, t-shirts, short-sleeved shirts, long-sleeved shirts, sweatshirts, jackets, hats, caps in class 025. |
| 1839775 | THERMA-FIT<br>(word mark) | For: clothing; namely, pants, sweatpants, jackets, sweatshirts, and vests in class 025. |
| 1558100 |  | For: Footwear, t-shirts, shorts, pullovers, pants, warm-up suits and tank tops in class 025. |
| 1742019 |  | For: all-purpose sports bags and backpacks in class 018.<br><br>For: footwear and clothing, namely pants, shorts, shirts, t-shirts, sweatshirts, tank tops, warm-up suits, jackets, hats, caps, and socks in class 025. |
| 3725535 |  | For: Footwear; Apparel, namely, shirts, pants, shorts; Jackets, hats; Sweatshirt in class 025. |

| | | |
|---|---|---|
| 4254513 |  | For: Backpacks in class 018<br><br>For: Footwear; apparel, namely, jerseys, pants, shorts, t-shirts, shirts, sweatshirts, hooded sweatshirts, sweatpants, jackets, coats, socks, headwear, hats, caps, in class 025.<br><br>For: Sports balls; basketballs in class 028. |
| 3580156 |  | For: Footwear; apparel, namely, shirts, t-shirts, tops in class 025. |
| 4462766 |  | For: Backpacks in class 018.<br><br>For: T-shirts, shirts, sweatshirts, pants, shorts, jackets, tops, socks, footwear in class 025. |
| 3451904 |  | For: Footwear in class 025. |
| 3451905 |  | For: Footwear in class 025. |
| 5820374 |  | For: Footwear in class 025. |

| 3451906 |  | For: Footwear in class 025. |
| 3451907 |  | For: Footwear in class 025. |
| 6368691 |  | For: Footwear in class 025. |
| 6368693 |  | For: Footwear in class 025. |
| 6368694 |  | For: Footwear in class 025. |
| 6682467 |  | For: Footwear in class 025. |
| 6682468 |  | For: Footwear in class 025. |

| 6639127 |  | For:  Footwear in class 025. |
|---------|---------|------|
| 6639128 |  | For:  Footwear in class 025. |
| 6639129 |  | For:  Footwear in class 025. |
| 6883603 |  | For:  Footwear in class 025. |
| 6639227 |  | For:  Footwear in class 025. |
| 6876338 |  | For:  Footwear in class 025. |

| | | |
|---|---|---|
| 6876339 | | For: Footwear in class 025. |
| 3714300 | | For: Footwear in class 025. |
| 6878868 | | For: Footwear in class 025. |
| 3711305 | | For: Footwear in class 025. |
| 3721064 | | For: Footwear in class 025. |
| 3711303 | | For: Footwear in class 025. |

| | | |
|---|---|---|
| 6639228 |  | For: Footwear in class 025. |

8.     The above U.S. registrations for the Nike Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The registrations for the Nike Trademarks constitute *prima facie* evidence of their validity and of Nike's exclusive right to use the Nike Trademarks pursuant to 15 U.S.C. § 1057 (b).  True and correct copies of the United States Registration Certificates for the above-listed Nike Trademarks are attached hereto as **Exhibit 1**.

9.     Nike has built substantial goodwill in the Nike Trademarks.  As a result, the Nike Trademarks are famous marks as that term is used in 15 U.S.C. § 1125(c)(1) and have been continuously used and never abandoned. The innovative marketing and product design of the Nike Products have enabled the Nike brand to achieve widespread recognition and fame and have made the Nike Trademarks some of the most well-known marks in the athletic apparel and footwear industry.  The widespread fame, outstanding reputation, and significant goodwill associated with the Nike brand have made the Nike Trademarks invaluable assets.

10.     Nike has continuously used the Nike Trademarks in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Nike Products since their respective dates of first use as noted on the federal trademark registration certificates.

11. Among the purchasing public, genuine Nike Products are instantly recognizable as such. The Nike Trademarks identify, in the United States and throughout the world, high quality products designed and manufactured by Nike.

12. Genuine Nike Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the nike.com website, and the NIKE CHICAGO store at 669 N. Michigan Avenue, Chicago, Illinois.

13. Sales of Nike Products via the nike.com website are significant. The nike.com website features proprietary content, images and designs exclusive to the Nike brand.

14. Due to Nike's longstanding use of the Nike Trademarks, extensive sales, and significant advertising and promotional activities, the Nike Trademarks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

15. The Nike Trademarks are exclusive to Nike and appear clearly on Nike Products, as well as on the packaging and advertisements related to such products. Nike has expended substantial resources in developing, advertising, and otherwise promoting and protecting the Nike Trademarks. As a result, products bearing the Nike Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Nike. Nike Products have become some of the most popular of their kind in the world and have also been the subject of extensive unsolicited publicity resulting from their high quality and innovative designs. Because of these and other factors, the Nike name and the Nike Trademarks are famous throughout the United States.

16. Nike Products branded under the Nike Trademarks have been widely accepted by the public and are enormously popular. The widespread fame, outstanding reputation, and

significant goodwill associated with the Nike brand have made the Nike Trademarks invaluable assets.

**The Defendants**

17.     On information and belief, Defendants are individuals and business entities of unknown makeup who, either individually or jointly, own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Nike, but which may become the subject of this action through amendment of this Complaint.

18.      Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Nike to learn Defendants' true identities and the exact interworking of their counterfeit network at this time.  If Defendants provide additional credible information regarding their identities, Nike will take appropriate steps to amend this Complaint.

19.     On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with weak trademark enforcement systems, or redistribute products from the same or similar sources in those locations.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

## IV.  DEFENDANTS' UNLAWFUL CONDUCT

20.     The success of the Nike brand has resulted in significant counterfeiting of the Nike Trademarks.  In recent years, Nike has identified many fully interactive, e-commerce stores offering Counterfeit Nike Products on online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Walmart, Wish.com, Etsy, and DHgate, including the e-commerce stores operating under the Seller Aliases.  The Seller Aliases target consumers in this Judicial District and throughout the United States.  According to a U.S. Customs and Border Protection (CBP)

report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights (IPR) violations totaling over $3.3 billion, an increase of $2.0 billion from 2020 *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection (**Exhibit 2**). Of the 27,000 in total IPR seizures, over 24,000 came through international mail and express courier services (as opposed to containers), 51 percent of which originated from China and Hong Kong. *Id*.

21. Online marketplace platforms like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also*, report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (January 24, 2020) attached as **Exhibit 4** and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. **Exhibit 4** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 4** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 3** at 186-187.

22.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target U.S. consumers using one or more Seller Aliases, offer shipping to the U.S., including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold Counterfeit Nike Products to residents of Illinois.

23.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies.  For example, Defendants facilitate sales by designing e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.  E-commerce stores operating under Seller Aliases appear sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal.  E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.  Nike has not licensed or authorized Defendants to use any of the Nike Trademarks, and none of the Defendants are authorized retailers of genuine Nike Products.

24.     Many Defendants also deceive unknowing consumers by using the Nike Trademarks without authorization within the content, text, and/or meta tags of their online marketplace listings to drive traffic away from Nike authorized channels, but instead to their own infringing sites.  Other e-commerce stores operating under Seller Aliases omit using Nike Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Nike Products.

25.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete

information to online marketplace platforms to prevent discovery of their true identities and the scope of their counterfeiting operations.

26.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Nike Products.  Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operations, and to avoid being shut down.

27.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use.  E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images.  Additionally, Counterfeit Nike Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that many of the Counterfeit Nike Products may be manufactured by and come from a common source and that many of Defendants are interrelated.

28.     E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

29.     Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Nike's enforcement.  E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court in an attempt to avoid payment of any monetary judgment awarded by the Court.  Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

30.     Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Nike Products in the same transaction, occurrence, or series of transactions or occurrences.  Defendants, without any authorization or license from Nike, have jointly and severally, knowingly and willfully used and continue to use the Nike Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Nike Products into the United States and Illinois over the Internet.

31.     Defendants' unauthorized use of the Nike Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Nike Products, including the sale of Counterfeit Nike Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Nike.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

32.     Nike hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Nike Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  The Nike Trademarks are highly distinctive marks.  Consumers have come to expect the highest quality from Nike Products offered, sold or marketed under the Nike Trademarks.

34.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Nike Trademarks without Nike's permission.

35.     Nike is the owner or exclusive licensee of the Nike Trademarks.  Nike's United States Registrations for the Nike Trademarks (Exhibit 1) are in full force and effect.   On information and belief, Defendants have knowledge of Nike's rights in the Nike Trademarks and are willfully infringing and intentionally using counterfeits of the Nike Trademarks.  Defendants' willful, intentional and unauthorized use of the Nike Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Nike Products among the general public.

36.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37.     Nike has no adequate remedy at law, and if Defendants' actions are not enjoined, Nike will continue to suffer irreparable harm to its reputation and the goodwill of the Nike Trademarks.

38.     The injuries and damages sustained by Nike have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Nike Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

39.     Nike hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

40.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Nike Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Nike or the origin, sponsorship, or approval by Nike of Defendants' Counterfeit Nike Products.

41.     By using the Nike Trademarks in connection with the sale of Counterfeit Nike Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Nike Products.

42.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Nike Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

43.     Nike has no adequate remedy at law and, if Defendants' actions are not enjoined, Nike will continue to suffer irreparable harm to its reputation and the associated goodwill of the Nike Trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Nike prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  using the Nike Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Nike Product or is not authorized by Nike to be sold in connection with the Nike Trademarks;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Nike Product or any other product produced by Nike that is not Nike's or not produced under the authorization, control, or supervision of Nike and approved by Nike for sale under the Nike Trademarks;

    c.  committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Nike Products are those sold under the authorization, control, or supervision of Nike, or are sponsored by, approved by, or otherwise connected with Nike;

    d.  further infringing the Nike Trademarks and damaging Nike's goodwill; and

    e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Nike, nor authorized by Nike to be sold or offered for sale, and which bear any of Nike's trademarks, including the Nike Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Nike's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Walmart, Wish.com, Etsy, and Dhgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Nike Trademarks;

3) That Defendants account for and pay to Nike all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Nike Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Nike be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Nike Trademarks;

5) That Nike be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 10th day of March 2023.          Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Marcella D. Slay
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
mslay@gbc.law

*Counsel for Plaintiff Nike, Inc.*

26